In the matter of the appeal from an order made and issued by the surrogate of the county of Hudson to show cause before him why decree should not be made declaring FLORENCE CURRAN to be dead, and from the decree by the said surrogate declaring the said Florence Curran to be dead.

[Decided April 20th, 1923.]

On proceedings before a surrogate to declare a person dead on account of absence for the statutory period, it is necessary in this state that the person should have been a resident of the county where the proceedings were had at the time of the disappearance in order to confer jurisdiction on the surrogate.

---

On petition of appeal.

*Mr. Randolph Perkins* and *Mr. John F. Drewen, Jr.,* proctors for the appellant.

*Messrs. Sullivan & Meehan,* proctors for the respondent.

LEWIS, VICE-ORDINARY.

This is an appeal from an order to show cause made by the surrogate of Hudson county why a decree should not be made declaring Florence Curran to be dead, and from the decree by the said surrogate declaring the said Florence Curran to be dead.

It is urged by the appellant as indispensable, in order that the surrogate have jurisdiction, that the fact be proved not only that the residence of the person was in this state, but also that it was in Hudson county; in other words, that it is only the surrogate of the county in which the residence existed who has jurisdiction under the statute as it stands to-day. The proposition is essentially one of jurisdiction. The appellant maintains that under the statute of 1911 ·(*Comp. Stat. 1st Supp. p. 474*) the surrogate is given jurisdiction to act under the statute only in case of any person "being a resident of this state," and that the residence in this state of the person whose death is in question is a fundamental condition of the jurisdiction of the surrogate is made evident by the provision of the statute that it is only the "surrogate of the county in which the said person resided at the time when he or she absented or concealed herself," who has power or jurisdiction to act under the provisions of the statute. In other words, the surrogate of the county in which the residence existed and he only has jurisdiction.

The precise legislative design as to this is placed beyond doubt by the fact also that the statute in question is in effect an amendment. It amends, by necessary implication, section 1 of the act as was amended by *P. L. 1895 p. 751.*

The requirement of residence within the state at the time of the disappearance, &c., is new in the statute. The pro-

visions of the law under the statute as it formerly stood (*Comp. Stat. p. 1904*) were extended to "any person whether a resident of this state or not."

This is wholly a statutory proceeding and the jurisdiction and power of the surrogate are obtained entirely from the statute. It is therefore rudimentary that the jurisdictional facts are required to have been established by the petitioner below as an affirmative element of her case. The testimony which this appeal brings up shows that the facts in question were not established in the petitioner's case below. On the contrary, however, the testimony taken in the proceedings before the surrogate discloses that the petitioner herself swore that, according to her knowledge, Florence Curran ceased to have her residence in New Jersey fifteen years ago, but did not disappear until five years later. The testimony referred to is that of Annie Schemm. This evidence shows that Florence Curran was not a resident of the State of New Jersey at the time of her disappearance because Mrs. Schemm and other witnesses saw her in Jersey City on the 27th of April, 1911, when Florence Curran had ceased to reside in New Jersey for some five years and at a time when her residence was, according to the witnesses, supposed to be in Brooklyn, New York.

This, of course, does not establish positively, as the petitioner below was required to do, that Florence Curran at the time of her last appearance to the petitioner and her witnesses ten years ago was a resident of the State of New Jersey and had her residence in the county of Hudson.

It is not intimated, of course, that the surrogate is in any stronger position as to jurisdiction than is the orphans court, and it has been uniformly held that—

"The orphans court being a creature of the statute invested with special powers and jurisdiction in derogation of the powers of the courts established by the constitution, it can exercise no powers beyond those authorized by the statute." *In re Fritz Estate, 83 N. J. Eq. 610; In re Alexander, 79 N. J. Eq. 226.*

It seems to have been commonly admitted by the authorities that the absence must be from the place where the person whose death is in question is shown to have established a residence.

"It is necessary that the person as to whose death it is sought to raise a presumption shall have been absent from his or her home, or place where he or she has established a residence; thus where a person has changed his residence from one state to another, the fact that he has not been heard of in the place of his former residence for seven years, raises no presumption of his death * * * and the mere absence of a person from a place where 'his relatives reside, but which is not his own place of residence, and the fact that his relatives have not received letters from him for seven years, does not raise any presumption of death." *13 Cyc. 300.*

It clearly appears that Florence Curran had no residence in New Jersey at the time of her departure ten years ago.

The appellant must prevail and an order may be accordingly entered.