ESSEX COUNTY SURROGATE'S COURT.

IN THE MATTER OF HARRY VAN PELT, PRESUMED TO BE DEAD.

Decided May 5, 1931.

For the petitioner, *Charles Becker.*

For the Prudential Insurance Company, *Thomas Ingham.*

Hannah Van Pelt, the mother of Harry Van Pelt, filed a petition with the surrogate seeking a decree that he be declared to be dead. It is alleged that he was a resident of Newark, Essex county, New Jersey; that he disappeared from that city more than seven years ago and that he left no real or personal property, other than two life insurance policies in the Prudential Insurance Company.

A copy of the rule to show cause having been served on the Prudential Insurance Company, a representative of its legal department appeared at the hearing and brought with him two witnesses relative to the alleged disappearance.

Hannah Van Pelt testified that she last saw her son when he came to Newark from Perth Amboy; that she later learned that he was in the army and was stationed in Texas in 1916 or 1917. Her daughter, Mrs. Cerbus, says that her brother left Newark; that he was in the army; that in 1916 he wrote asking for money but that her letter containing some money for him came back undelivered; that she later had a letter from a sergeant telling her that her brother had deserted the army; that in 1919 she received a letter from her brother, saying that he had joined the Canadian army; that she heard that his enlistment there was under a fictitious name; that although she has tried to locate her brother since that time, she has been unsuccessful. When Van Pelt worked in Newark before joining the United States army, he was employed in the Salvage Corps of that city. One of his associates and friends on the corps was James Thomas Keegan. Keegan testified that after Van Pelt left Newark, he did not hear from him until the period of the world war, when he received a letter from him, written in France, saying that he was a member of the Canadian expeditionary force. He said he was then known under the name of Langford. In 1921 or 1922 he received another letter from Van Pelt, written in Canada, saying that he had been wounded in the war, that

he was married and had two children and was then living in Canada. While Keegan was positive as to the fact of this letter and its contents, he had destroyed or lost it and the letter was not produced in court.

The evidence shows that Van Pelt's family home was in Perth Amboy; that he came to Newark and worked there for a period of six months; that he then enlisted in the United States army and later was a deserter from it; that he joined the Canadian forces and fought in France with them and that he returned to Canada where he married and had two children.

Under the statute, the surrogate of Essex county only has jurisdiction to declare a person dead, if that person was a resident of that county when he disappeared. See *In re Curran,* 94 *N. J. Eq.* 723; 120 *Atl. Rep.* 786. Under the facts of this case, it is found that Van Pelt did not disappear from Essex county. He communicated with his family and friends after he left Newark. His sister learned from him in 1919 that he was in the Canadian forces. His friend, Keegan, heard from him after the war and Van Pelt wrote of his marriage and having a family in Canada.

The surrogate of Essex county has no jurisdiction in the case, it not appearing that Van Pelt was a resident of that county when he disappeared.

The petitioner also seeks to invoke section 31 of the Orphans Court act relative to the case of a non-resident who has disappeared for more than seven years from his last known abode and who owns property located in New Jersey. There may be considerable doubt as to whether a policy of insurance, payable upon death, constitutes "property" under this section, but it is not necessary to decide that question here. The petitioner seeks to have the surrogate sign a decree that Van Pelt is declared to be dead. Section 31 of the Orphans Court act does not confer that power upon the surrogate and he can act only in accordance with the power stipulated therein.

ANDREW J. WHINERY,
*Surrogate.*